UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY ANN TOLENTINO, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ORVIS COMPANY, INC., DBA ORVIS,<br><br>Defendant. | NO. 2:26-cv-2213<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AND TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant The Orvis Company, Inc. ("Orvis" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the action entitled *Mary Ann Tolentino v. The Orvis Company, Inc.,* which is currently pending in the Superior Court of the State of Washington for the County of King as Case No. 26-2-17031-2 (the "State Court Action"), to the United States District Court for the Western District of Washington (Seattle Division). Defendant appears for the purpose of



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

removal only and for no other purposes whatsoever, and reserves all rights, claims, and defenses of any nature whatsoever. In support of this removal, Defendant states as follows:

## I. SUMMARY OF COMPLAINT

On May 26, 2026, Plaintiff Mary Ann Tolentino ("Plaintiff") brought suit against Orvis in the Superior Court of Washington for the County of King, *Mary Ann Tolentino v. The Orvis Company, Inc.*, Case No. 26-2-17031-2.

Plaintiff's Complaint asserts that Orvis violated the Commercial Electronic Mail Act (CEMA), RCW 19.190.020, as enacted by the Washington State Legislature in 1988, and the Consumer Protection Act, RCW 19.86.020. *See* Compl. at ¶¶ 1-7. Plaintiff brings claims on behalf of herself and a putative class defined as:

> All Washington residents who, during the Class Period, received a commercial email sent by the Defendant, on behalf of the Defendant, or with the Defendant's assistance, that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion.

*See* Compl. at ¶ 120. Plaintiff seeks an award of actual or liquidated damages as permitted per class member, as well as an award of reasonable attorneys' fees and cost of suit. *See id.* at p. 25.

Orvis does not concede that any of Plaintiffs' allegations contain a cognizable cause of action under applicable law and expressly reserves its right to challenge the Complaint, as well as enforce any class action waiver/arbitration agreements following removal, including all defenses available to it under Washington or federal law.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

## II. PROCEDURAL REQUIREMENTS ARE SATISFIED

### A. Removal is Timely

This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty days of service of the Summons and Complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999).

Plaintiff served Orvis with the Summons and Complaint on May 27, 2026. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint served on Orvis in the State Court Action is attached hereto as **Exhibit A**. Because Orvis is removing on or before June 29, 2026, removal is timely as a matter of law.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other records and proceedings in the State Court Action are attached hereto as Exhibits B–L. Specifically, attached to this Notice of Removal are true and correct copies of: (1) Order Setting Civil Case Schedule (**Exhibit B**); (2) Case Information Cover Sheet and Area Designation (**Exhibit C**); (3) Summons (**Exhibit D**); (4) Jury Demand (**Exhibit E**); (5) Case Assignment Area Designation and Case Information Cover Sheet (**Exhibit F**); Affidavit of Service (**Exhibit G**); Stipulation Extending Defendant The Orvis Company, Inc.'s Time to Respond to Complaint (**Exhibit H**); Notice of Hearing (**Exhibit I**); Certificate of E-Service (**Exhibit J**); Order Extending Time to Respond to Complaint (**Exhibit K**); and a copy of the State Court Action docket sheet as of June 25, 2026 (**Exhibit L**).

### B. Venue is Proper

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a), and 1446(a). Plaintiff filed their Complaint in the Superior Court of Washington for the County of King. Venue is properly in the federal district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

Further, pursuant to Local Rule 3(e)(1), the action should be assigned to the Seattle Division of this Court. Accordingly, venue properly lies in the United States District Court for the Western District of Washington, Seattle Division.

## III. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

Removal is authorized because the State Court Action is a civil action over which this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b), and is one that Orvis may remove to this Court pursuant to 28 U.S.C. §§ 1446 and 1453. Specifically, the State Court Action is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B), the amount allegedly in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332(d)(2), the proposed class exceeds 100 members, and the identified Plaintiff and all class members are citizens of a state different from Orvis.

### A. The Instant Action is A "Class Action" Within the Meaning Of 28 U.S.C. § 1332(d)(1)(B)

Federal district courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2); (d)(2)(A). "A class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b).

A "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

"Plaintiff brings this action under Civil Rule 23 on behalf of the [] putative class." Compl. at ¶ 120. Washington's rules governing the definition and scope of class action proceedings are defined similarly to Fed. R. Civ. P. 23. *See, e.g., Summers v. Sea Mar Community Health Centers,* 29 Wash.App.2d 476, 487 (2024) (analyzing requirements of CR 23 as substantially similar to the requirements of Fed. R. Civ. P. 23). Accordingly, this element of jurisdiction is met.

**B. The Putative Class Exceeds 100 Members**

CAFA's requirement that the proposed class include no less than 100 members is satisfied here as the alleged putative class has more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff seeks to represent "[a]ll Washington residents who, during the Class Period, received a commercial email sent by the Defendant, on behalf of the Defendant, or with the Defendant's assistance, that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion." Compl. at ¶ 120. Plaintiff does not provide a specific number of class members but merely states that "the Class is estimated to minimally contain thousands of members." *Id.* at ¶ 124. Therefore, based on Plaintiffs' own allegations the number of putative class members exceeds the statutorily required minimum of 100 individuals.

**C. The Amount in Controversy Exceeds the Sum or Value Of $5,000,000[1]**

Plaintiffs' Complaint also meets CAFA's second requirement that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. *Moliga v. Qdoba Rest. Corp.*, No. 2:23- CV-01084-LK, 2023 WL 5013439, at *2 (W.D. Wash. Aug. 7, 2023) (citation omitted); *see also* 28 U.S.C. § 1446(c)(2)(B). "A defendant's notice of removal need only include a 'plausible allegation' that the amount in controversy" exceeds the jurisdictional threshold to meet the amount-in-controversy requirement. *G.G. v. Valve Corp.*, No. C16-1941-JCC, 2017 WL 11605207, at *2 (W.D. Wash. Feb. 13, 2017) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)). Additionally, the "amount in controversy is the 'amount at stake in the underlying litigation.'" *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). "'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Id.*

Further, where the complaint fails to allege a specific damages amount, courts may rely on allegations in the notice of removal. *See, e.g., Moliga*, 2023 WL 5013439, at *2 (noting that the district court may consider "the complaint, the allegations in the removal petition, and 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,'" but defendant need not "prove" subject matter jurisdiction nor "produce evidence" establishing the amount in controversy until a "plaintiff contests, or the district court questions, . . . defendant's allegations"); *see also Krueger v. Alaska Airlines, Inc.*, No. C22-1777-JCC, 2023 WL 2611797, at *1 (W.D. Wash. Mar. 23, 2023) (noting that "[t]he amount in controversy is generally accepted absent objection from the plaintiff or questioning from the court"). Additionally, "a defendant may rely on 'a chain of reasoning that includes assumptions' so long as they are reasonable." *G.G.*,



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

2017 WL 11605207, at *2 (quoting *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).

As demonstrated below, while Orvis denies Plaintiff's allegations and any entitlement to relief, the allegations in the Complaint make it more likely than not that the amount in controversy exceeds $5,000,000.

Plaintiff alleges that Orvis "floods consumers' email inboxes with repeated false notifications" and "spams Washington consumers, including Plaintiff, with commercial emails" in a manner "which CEMA prohibits." *See* Compl. at ¶¶ 3-5. For each alleged violation of CEMA/CPA over the past four years, at minimum, Plaintiff seeks "actual or liquidated damages of $500 per violation, trebled." *Id*. at ¶¶ 122, 147.

Plaintiff further alleges that "Orvis sent marketing emails at a rate averaging roughly, 644 per year, 21 per month, and nearly 2 emails per day." *Id.* at ¶ 108. At minimum, Plaintiff identifies at least thirty-three (33) specific email subject lines that Plaintiff contends are example of Orvis "falsely representing the limited availability of its offers." *Id.* at ¶¶ 68, 74, 80, 87, 102, 106.

Finally, Plaintiff seeks relief on behalf of a proposed statewide class that includes a substantial number of Washington persons, specifically alleging that the putative class is ***estimated to minimally contain thousands of members***. *See id.*, at ¶ 124. In 2024 alone, Orvis emailed at least 39,359 customers according to its records, which would aggregate to an alleged amount in controversy of $19,679,500, far exceeding the $5,000,000 minimum under 28 U.S.C. § 1332(d)(2).

To the extent Plaintiff believes that every *email* amounts to a statutory violation (Orvis does not agree with this interpretation and expressly reserves all rights)—even if there were only one-thousand (1000) potential class members that received thirty-three (33) emails over the past four (4) years, with the potential statutory and treble damages at $1,500 per statutory violation, the



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

estimated aggregate amount in controversy here, $49,500,000 (1,000 putative class members × 33 emails × $1500 per email), would far exceed the $5,000,000 minimum as well.

Moreover, Plaintiff seeks attorneys' fees. *Id.* at § VIII. Prayer for Relief. Attorneys' fees may be included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees...such fees may be included in the amount in controversy"); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (the amount in controversy includes all relief claimed at the time of removal to which Plaintiff would be entitled if he prevails.). Additionally, the Ninth Circuit has confirmed that future attorneys' fees must be included in an amount in controversy calculation under CAFA. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). The Ninth "[C]ircuit has also established 25% of the common fund as a benchmark award for attorney's fees. *Dawsey v. Travelers Indem. Co.*, No. 3:15-CV-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015). Accordingly, Plaintiff could potentially seek an additional $12,375,000 (.25 × $49,500,000) in attorneys' fees, which alone exceeds the minimum amount in controversy under CAFA.

To top off the amount in controversy inquiry, the value of injunctive relief may be aggregated with other damages to satisfy the amount in controversy for CAFA. *Rodgers v. Cent. Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1179 (W.D. Wash. 2006). "[T]he 'value' of injunctive relief is determined by calculating the defendant's cost of compliance[.]" *Id.* No allegations in the Complaint allow Orvis to calculate the amount of injunctive relief. However, Orvis underscores the allegations to the Court as further evidence that the amount in controversy exceeds $5,000,000. *See* Compl. at ¶¶ 137, 147, § VIII. Prayer for Relief.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

Based on the allegations of the Complaint, the size of the proposed class, and the nature of the relief sought, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### D. Minimal Diversity of Citizenship Exists.

Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class in which . . . any member of the class of Plaintiff is a citizen of a State different from any defendant."

A corporation is considered a citizen of the state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Defendant Orvis is headquartered and incorporated in the State of Vermont.

Individuals are citizens of the state in which they are domiciled at the time suit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Plaintiff Mary Ann Tolentino alleges that she is a resident of King County, Washington. Compl. at ¶ 10. Further, Plaintiff seeks to represent a putative class of Washington residents. *Id.* at ¶ 120.

Accordingly, CAFA's minimal diversity requirement is met in this case because Plaintiff, as well as the individuals in the putative class, are citizens of a different state than Orvis. *See* 28 U.S.C. § 1332(d)(2)(A).

## IV. ALTERNATIVE BASIS FOR JURISDICTION: DIVERSITY JURISDICTION

In the alternative, Orvis alleges that this Court has original jurisdiction under 28 U.S.C. § 1332(a).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

First, the amount in controversy exceeds $75,000. Plaintiff seeks "actual or liquidated damages of $500 per violation, trebled," of CEMA/CPA. Compl. at ¶¶ 122, 147. Essentially, Plaintiff seeks $1500 for every email containing an allegedly false or misleading subject line[2] that Plaintiff received from Orvis over the past four years. And Plaintiff alleges that "Orvis sent marketing emails at a rate averaging roughly, 644 per year, 21 per month, and nearly 2 emails per day." *Id.* at ¶ 108. If Plaintiff received even ten percent of those emails (~64), in just one year, containing a misleading subject line as alleged, Plaintiff's statutory, trebled damages would exceed the amount in controversy requirement, reaching $96,000. Additionally, Plaintiff seeks attorneys' fees (*id.* at § VIII), which would likely bring even a single alleged violation to a point where the recovery sought from Orvis would exceed the amount in controversy requirement. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (noting that calculations purporting to show an amount in controversy, which included attorneys' fees, were sufficient to invoke federal jurisdiction).

Second, as explained *supra*, complete diversity exists here where Plaintiff and putative class members are citizens of a different state than Orvis.

Accordingly, and out of an abundance of caution, Orvis alleges diversity jurisdiction as an alternative basis for removal and reserves the right to supplement the amount in controversy record should Plaintiff challenge federal jurisdiction.

---

[2] As noted *infra*, Orvis disagrees with Plaintiff's interpretation of the statute and expressly reserves all rights.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

## V. ALL NOTICE AND PROCEDURAL REQUIREMENTS HAVE BEEN MET

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of such filing will be served electronically on Plaintiffs' counsel of record: Samuel J. Strauss and Raina C. Borrelli of Strauss Borrelli PLLC; Lynn A. Toops, Natalie A. Lyons, Ian R. Bensberg of CohenMalad, LLP; and Gerard J. Stranch, IV, Michael C. Tackeff, and Andrew K. Murray of Stranch, Jennings & Garvey, PLLC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court for the County of King.

## VI. RESERVATION OF RIGHTS

Orvis reserves the right to amend or supplement this Notice of Removal, to present additional argument in support of its entitlement for removal, and to present evidence supporting this Notice of Removal in the event this Removal is challenged. Orvis intends no admission of fact or liability by this Notice of Removal and does not waive any defenses, objections, or motions available under state or federal law. Further, Orvis expressly reserves the right to move for dismissal of some or all of Plaintiff's claims.

**WHEREFORE,** having provided notice as is required by law, Defendant The Orvis Company, Inc. respectfully requests that this Court assume full jurisdiction over this action as if Plaintiff had originally commenced this action with this Court.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317

DATED June 25, 2026.

BAKER & HOSTETLER LLP

*s/ Alexander Vitruk*
Alexander Vitruk, WSBA #57337
avitruk@bakerlaw.com
Jeffrey H. Adams, WSBA #62865
jhadams@bakerlaw.com
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380
Fax: 206.624.7317

*Attorneys for Defendant The Orvis Company, Inc., d/b/a Orvis*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2026, a true and correct copy of the foregoing document was served via Email and via CM/ECF Notification system upon the following at the addresses stated below:

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli*
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff and the Putative Class*

DATED: June 25, 2026, at Seattle, Washington.

*s/ Pandy McVay*
Pandy McVay



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206.332.1380/Fax: 206.624.7317